```
                    UNITED STATES DISTRICT COURT
                    MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

JENNIFER NICOLE SANDER,

    Petitioner,

v.                              Case No: 2:16-cv-663-FtM-29UAM
                                  Case No. 2:11-CR-97-FTM-29CM

UNITED STATES OF AMERICA,

    Respondent.

_____

## **OPINION AND ORDER**

This matter comes before the Court on petitioner's Motion Under 28 U.S.C. Section 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Cv. Doc. #1; Cr. Doc. #680)[1] filed on August 29, 2016. The government filed a Response in Opposition to Motion (Cv. Doc. #6) on October 28, 2016. The Court finds that an evidentiary hearing is not required.

**I.**

On September 28, 2011, a federal grand jury in Fort Myers, Florida returned a twelve-count Indictment (Cr. Doc. #3) charging petitioner and others with conspiracy to manufacture, to possess with intent to distribute and the distribution of 28 grams or more of crack cocaine (Count One). Petitioner was also charged with

---

[1] The Court will refer to the docket of the civil habeas case as "Cv. Doc.", and will refer to the docket of the underlying criminal case as "Cr. Doc."

co-defendant Jophaney Hyppolite on a substantive count of distribution of crack cocaine (Count Twelve). On April 24, 2012, petitioner ratified a Plea Agreement (Cr. Doc. #219) in open court, which included a provision for three levels for acceptance of responsibility and an agreement to cooperate. On April 25, 2012, petitioner's plea of guilty pursuant to the Plea Agreement was accepted. (Cr. Doc. #221.)

On October 15, 2012, the government filed a Motion for Downward Departure of Defendant's Sentence Based Upon Substantial Assistance (Cr. Doc. #395) based on petitioner's testimony in front of the grand jury and testimony during the trial of her co-defendants. The presentence report reflects that petitioner denied ever possessing a firearm, and that the government believed that the "silencer" was a flash suppressor, but that it had no information that petitioner possessed a firearm. (Cr. Doc. #641, ¶ 45.) Two levels were added because members of the conspiracy possessed weapons. (Id., ¶ 62.) Counsel for defendant specifically objected to paragraphs 45 and 62, arguing that petitioner never possessed any guns. The objection was overruled. (Id., Addendum, p. 31.)

Petitioner was found to have been involved in more than 112 grams of cocaine base, but less than 196 grams of cocaine base giving her a Base Offense Level of 28. After receiving 3 levels for acceptance of responsibility, petitioner's Adjusted Offense

Level was 27.  Petitioner was found to be a career offender because she was 29 years old when she committed the offense, the offenses of conviction were for controlled substance offenses, and petitioner had at least two qualifying prior felony convictions[1] bring her Total Enhanced Offense Level to 34.  (Id., ¶ 67.)

When sentencing petitioner, the Court found that her criminal history of Category VI overstated the seriousness of her criminal history and departed down to a criminal history category V.  The Court also granted the government's motion, and departed six levels.  After considering the advisory recommendations of the United States Sentencing Guidelines and all the factors identified in 18 U.S.C. § 3553(a)(1)-(7), the Court sentenced petitioner to a term of imprisonment of 130 months as to each count, each count to be served concurrently, followed by a term of supervised release.  (Cr. Doc. #396.)  Judgment (Cr. Doc. #403) was filed on October 16, 2012.

Petitioner did not appeal to the Eleventh Circuit, and the conviction became final 14 days after the Judgment on October 30, 2012.  See Mederos v. United States, 218 F.3d 1252, 1253 (11th Cir. 2000).

---

[1] The previous convictions included the sale or delivery of cocaine in Lee County, Florida, and possession of a controlled substance with intent to sell in Lee County, Florida.  (Doc. #641, ¶ 67.)

**II.**

Federal prisoners whose convictions became final after April 24, 1996, the effective date of The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), have one year from the latest of any of four events to file a § 2255 Motion:

> **(1)** the date on which the judgment of conviction becomes final;
>
> **(2)** the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> **(3)** the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> **(4)** the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). Giving petitioner the benefit of the mailbox rule[2], the motion under § 2255 was placed into the prison mail system on or about June 5, 2016, the date it was signed.[3] (Cv. Doc. #2, p. 6.) In this case, petitioner would have had until

---

[2] "[A] prisoner's pro se § 2255 motion is deemed filed the date it is delivered to prison authorities for mailing." Washington v. United States, 243 F.3d 1299, 1301 (11th Cir. 2001) (citation omitted).

[3] The motion was not docketed until August 29, 2016.

- 4 -

October 30, 2013, under Section 2255(f)(1), to have filed her motion. Clearly, the motion is untimely from the date petitioner's conviction became final, and is due to be dismissed for this reason alone. 28 U.S.C. § 2255(f)(1). The lockdown in 2016, does not explain the intervening three years that had already passed after the deadline. The motion will be dismissed as untimely.

**III.**

In Ground One, petitioner argues that there was a violation of her due process rights because the U.S. Supreme Court has declared the "residual clause" as vague and unconstitutional. Petitioner does not specify the decision at issue in the 2255 motion, but in the motion to accept the 2255, petitioner indicated that she "was completing [her] motion to file for relief on the 'Johnson" case'", and she knew the deadline but she was on lock down pending transfer. (Cv. Doc. #1.)

To the extent that petitioner seeks to file her motion pursuant to Section 2255(f)(3) based on the decision in Johnson, and its retroactive application by Welch v. United States, 136 S. Ct. 1257 (2016) to collateral review, petitioner's motion is due to be denied. In Johnson, the United States Supreme Court held that the Armed Career Criminal Act's residual clause is unconstitutionally vague. Since petitioner's sentence was not enhanced under the ACCA, Johnson does not apply to extend the

statutory time limitation of one year from the date petitioner's conviction became final, and petitioner's motion is also time-barred under Section 2255(f)(3).

**IV.**

Alternatively, both Grounds Two and Three are based on claims of ineffective assistance of counsel. To prevail on a claim of ineffective assistance of counsel, a habeas petitioner must demonstrate both that (1) counsel's performance was deficient because it fell below an objective standard of reasonableness, and (2) prejudice resulted because there is a reasonable probability that, but for the deficient performance, the result of the proceeding would have been different. Hinton v. Alabama, 571 U.S. 263, 134 S. Ct. 1081, 1087-88 (2014) (citing Strickland v. Washington, 466 U.S. 668, 687, 694 (1984) and Padilla v. Kentucky, 559 U.S. 356, 366 (2010)). "Because a petitioner's failure to show either deficient performance or prejudice is fatal to a Strickland claim, a court need not address both Strickland prongs if the petitioner fails to satisfy either of them." Kokal v. Sec'y, Dep't of Corr., 623 F.3d 1331, 1344 (11th Cir. 2010) (citations omitted).

In Ground Two, petitioner argues that counsel was ineffective for failing to file a notice of appeal when she requested that he do so. Petitioner provides no memorandum of law or factual support regarding a specific conversation wherein she expressed a desire

to file a notice of appeal. Even if petitioner could support the argument that she asked that a notice of appeal be filed, petitioner waived her right to appeal.

A waiver provision in a plea agreement is valid if made knowingly and voluntarily. United States v. Weaver, 275 F.3d 1320, 1333 (11th Cir. 2001) (citing United States v. Bushert, 997 F.2d 1343, 1350-51 (11th Cir. 1993)). To establish that the waiver was made knowingly and voluntarily, the government must show that either (1) the district court specifically questioned the defendant about the waiver during the plea colloquy, or (2) the record makes clear that the defendant otherwise understood the full significance of the waiver. United States v. Johnson, 541 F.3d 1064, 1066 (11th Cir. 2008). Petitioner's written Plea Agreement contains a waiver of appeal and collateral challenge provision, which states in pertinent part:

> The defendant agrees that this Court has jurisdiction and authority to impose any sentence up to the statutory maximum and **expressly waives the right to appeal defendant's sentence or to challenge it collaterally on any ground** . . . except (a) the ground that the sentence exceeds the defendant's applicable guideline range as determined by the Court pursuant to the United States Sentencing Guidelines; (b) the ground that the sentence exceeds the statutory maximum penalty; or (c) the ground that the sentence violates the Eighth Amendment to the Constitution; provided, however, that if the government exercises its right to appeal the sentence imposed, as authorized by Title 18, United States Code, Section 3742(b), then the

defendant is released from his waiver and may appeal the sentence as authorized by Title 18, United States Code, Section 3742(a).

(Cr. Doc. #219, p. 13) (emphasis in bold added). Petitioner initialed each page and signed the last page of the agreement. (Cr. Doc. #227, p. 6.) Petitioner stated that she read and signed the Plea Agreement after discussing it with her attorney. (<u>Id.</u>, pp. 6-7.) During the plea colloquy, the magistrate judge specifically reviewed the waiver provision on page 13 of the Plea Agreement:

> THE COURT: Now, under some circumstances, you and the government have a right to appeal the sentence in your case; but, in the plea agreement, you have limited your rights to appeal.
>
> Basically, you're saying that you agree that the Court does have the jurisdiction and authority to impose any sentence up to the statutory maximum, and that you are waiving your right to appeal your sentence, or to challenge it collaterally, on any ground, including the ground that the Court erred in determining the applicable guideline range pursuant to the sentencing guidelines, except the ground that the sentence exceeds your applicable guideline range as determined by the Court, the ground that the sentence exceeds the statutory maximum penalty, or the ground that the sentence violates the 8th Amendment to the Constitution. But if the government does appeal your case -- the sentence in your case, then you would have the right to appeal the sentence also.
>
> Do you understand that?
>
> THE DEFENDANT: Yes, ma'am.

(Id., p. 14.) Petitioner waived her right to appeal voluntarily and knowingly, and responded that she understood the waiver. This ground is without basis.

In Ground Three, petitioner argues that counsel was ineffective for failing to challenge the gun enhancement when she never possessed a firearm. This is incorrect. Despite knowing "what the guidelines manual says", and "what the case law says," counsel argued against the enhancement:

> So, based upon that, I mean, I think you're going to go ahead, given the facts of this case, given the case law, you're going to uphold the two-level increase for the gun; but if, in fact, you are believing what I'm telling you, that she never was actually in possession of a gun, maybe we can kind of get around this a little bit, so that she doesn't not only get barred from the drug program, but if you have that in your pre-sentence investigation, it bars you from a lot of different programs once you're within the Bureau of Prisons.
>
> But the --
>
> THE COURT: The difficulty is that not only did she know that the co-defendants possessed firearms during the course of this conspiracy, but -- I remember the taped conversation of your client, because I was surprised when she's on the tape saying that she possessed a .22 with a silencer. So, I mean, she might have been lying to her drug dealing buddies, but she's on that tape saying she had a firearm and it had a silencer.

MR. POTTER: I understand. And we heard it.

(Doc. #683, pp. 5, 7.) Again, this ground is without merit.

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1. Petitioner's Motion Under 28 U.S.C. Section 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Cv. Doc. #1; Cr. Doc. #680) is **DISMISSED as untimely,** and alternatively denied as without merit.

2. The Clerk of the Court shall enter judgment accordingly and close the civil file. The Clerk is further directed to place a copy of the civil Judgment in the criminal file.

**IT IS FURTHER ORDERED:**

**A CERTIFICATE OF APPEALABILITY (COA) AND LEAVE TO APPEAL *IN FORMA PAUPERIS* ARE DENIED.** A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1); Harbison v. Bell, 556 U.S. 180, 183 (2009). "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(B)(2). To make such a showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004), or that "the issues presented were adequate to deserve encouragement to proceed further," Miller-El v. Cockrell, 537 U.S. 322, 336 (2003)(citations omitted). Petitioner has not made the requisite showing in these circumstances.

Finally, because Petitioner is not entitled to a certificate of appealability, she is not entitled to appeal *in forma pauperis*.

**DONE and ORDERED** at Fort Myers, Florida, this __1st__ day of July, 2019.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Petitioner
AUSA